ROSE v. CLUTTER. (No. 657–4165.)*

(Commission of Appeals of Texas, Section A. May 6, 1925.)

Limitation of actions ⟨≡⟩127(4)—Amended petition on implied contract held not to set up new cause of action; "employed."

In action by real estate broker for commission on sale of land, which, it was alleged, plaintiff was "employed" to sell, where original petition asserted that compensation was expressly agreed on, amended petition, filed after limitations had run, alleging an implied promise to pay customary compensation for such services, held not to set up a new cause of action; "employed" meaning that services were engaged for compensation to be paid therefor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employed.]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by A. T. Rose against W. W. Clutter. Judgment for plaintiff was reversed, and judgment rendered for defendant, by Court of Civil Appeals (259 S. W. 1098), and plaintiff brings error. Reversed, and judgment of district court affirmed.

Thos. P. Steger, of Bonham, and Harrell & Stornes, of Greenville, for plaintiff in error.

Cunningham, McMahon & Lipscomb, of Bonham, for defendant in error.

BISHOP, J. On June 13, 1922, the plaintiff in error, A. T. Rose, filed this suit against defendant in error, W. W. Clutter, and in his original petition alleged:

"That heretofore, to wit, in the latter part of the year 1920, and during all other times mentioned in this petition, the plaintiff was engaged in the real estate business, buying and selling and trading land as a broker; that the defendant was the owner of 60 acres of land in Cameron county, Tex., and, being desirous of selling the same, listed said land with the plaintiff for sale, and employed the plaintiff to sell the same. That plaintiff advertised said land for sale and showed the same to several prospective purchasers from time to time, and that finally plaintiff procured a purchaser for said land for defendant upon terms satisfactory to the defendant, which purchaser was J. W. Sinclair of Hunt county, Tex. That at the time defendant listed said land with the plaintiff and employed him to find a purchaser there-for, it was agreed and understood that the plaintiff should receive as compensation for his services a commission of 5 per cent. on the sale price of said 60 acres of land, and that he should receive the usual and customary commission, which was 5 per cent. of the purchase price. That on or about April 10, 1921, through the efforts of the plaintiff, the defendant sold his said land to the purchaser secured by the plaintiff for him, to wit, J. W. Sinclair, for an agreed valuation of the price of $21,000. Whereupon, by reason of the premises and of the plaintiff's contract with defendant as above alleged, the defendant became liable to the plaintiff for the sum of $1,050 commission on the sale of said land."

On September 5, 1923, plaintiff in error filed his first amended original petition upon which the case was tried, therein alleging his cause of action as follows:

"That during the month of September, 1920, and during all other times mentioned in this petition, plaintiff was engaged in the business of a real estate broker, buying and selling and trading land as a broker in Cameron county, Tex. That on or about September 1, 1920, the defendant was the owner of 60 acres of land in said Cameron county, and being desirous of selling the same, employed the plaintiff as his agent to procure a purchaser for the defendant; that at said time defendant well knew that the plaintiff was engaged in and was pursuing the business of a real estate broker, and accepted the services of the plaintiff hereinafter alleged to have been rendered in finding a purchaser for the defendant's said land, and thereby impliedly consented and promised to pay plaintiff for such services. That in pursuance of said agreement and understanding between the plaintiff and the defendant, plaintiff advertised said land for sale, and showed the same to several possible purchasers from time to time at his own cost and expense, and that finally the plaintiff procured a purchaser for the defendant's land on terms satisfactory to the defendant, which purchaser was J. W. Sinclair of Hunt county, Tex. That at the time defendant employed the plaintiff to find a purchaser for said land, the usual and customary commission charged by real estate brokers in Cameron county, Tex., was 5 per cent. on the sale price, which commission was reasonable and known to the defendant, and the defendant impliedly agreed and promised to pay said usual and customary commission for the services of the plaintiff in finding a purchaser for defendant's land. That while said contract of employment was still in force, through the efforts of plaintiff, said J. W. Sinclair and defendant were brought together, and after negotiation between the defendant and the said J. W. Sinclair and his agents on or about April 10, 1921, plaintiff sold said land to said Sinclair for an agreed price of $21,000, which purchase price was paid by the said Sinclair in other lands situated in Hunt county, Tex."

In the trial court, on proof of the facts as alleged in the amended petition, judgment was rendered for plaintiff in error. This judgment was by the Court of Civil Appeals reversed and rendered, on a holding that the

---

amended petition set up a new and different cause of action, which was barred by the statutes of limitation of two years.

The word "employed," as used in both the original and amended petitions means that the services of the plaintiff in error were engaged for compensation to be paid therefor. This is the ordinary meaning of the word as here used. It has here the same meaning as the word "hired."

The cause of action in both the original and amended petitions is a suit for compensation for the services rendered under the same contract of employment. The only difference in the allegations in the two petitions is that in the former it is asserted that the amount of compensation to which the plaintiff in error is entitled was expressly agreed upon in the contract of employment, while in the latter it is not alleged that there was an express agreement to pay a certain amount, but it is alleged that, by reason of the contract of employment, there was an implied promise to pay a reasonable sum, which was the customary compensation for such services. The amended petition did not present a new cause of action. It only alleged that the amount which the plaintiff in error was entitled to recover was to be measured by that which was customary and reasonable instead of being measured by an express agreement to pay a specific sum as was alleged in the original petition. Both petitions present the same express contract of employment under which compensation was sought.

The case of Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 463, 61 S. W. 707, cited by the Court of Civil Appeals, is not controlling here. In that case the cause of action pleaded in the original petition was for damages resulting from a failure to comply with the terms of an express contract to furnish water. The amended petition, on which the case was tried, alleged no fact or facts showing an express contract, but, to the contrary, alleged facts from which a contract to furnish water would be implied. In the absence of a showing that the express contract alleged existed, there would be no proof of liability and could be no recovery under the original petition.

Here, under the original petition, the absence of a showing that there was an agreement to pay a specific sum as compensation for the services rendered would not be conclusive that no liability existed, because proof that the services were rendered under the contract of employment would show liability in some amount. The original petition alleged facts showing liability on the part of the defendant in error regardless of whether the specific allegation that he agreed to pay a 5 per cent. commission was true.

The defendant in error was, by the filing of the original petition, given notice that plaintiff in error was seeking a recovery against him for compensation under the contract of employment, and "the subsequent amendment of the petition correcting or supplying its defects as a petition on the same" contract of employment "was not the commencement of a new suit." Killebrew v. Stockdale, 51 Tex. 529; Tarkinton v. Broussard, 51 Tex. 550.

All of the assignments of error contained in the brief of defendant in error in the Court of Civil Appeals have been considered, and no reason for the reversal of the judgment of the trial court is shown.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.