**SCHNEIDER v. McCLORY.**

No. 4405.

Court of Civil Appeals of Texas. Amarillo.
April 22, 1935.

Rehearing Denied June 3, 1935.

See, also, 51 S.W.(2d) 738.

W. I. Gamewell, of Canyon, and W. M. Lewright, of Pampa, for appellant.

Reeder & Reeder, of Amarillo, and Cook, Smith, Teed & Wade, of Pampa, for appellee.

JACKSON, Justice.

On July 10, 1934, the court sustained the exceptions of A. .McClory, appellee, urging the two-year statute of limitation (Vernon's Ann. Civ. St. art. 5526) to the fourth amended original petition of Alex Schneider, Jr., the appellant. He declined to amend, judgment was entered dismissing the case, and this action of the court is before us for review.

The suit was originally filed against appellee and others to recover brokerage claimed by appellant for his service in pro-curing a purchaser for the properties and assets of certain companies.

On May .25, 1931, appellant filed his first amended original petition, containing two counts, and dismissed as to all the defendants but appellee. In the first count he alleged that appellee was a stockholder, a director and officer in the Pampa Pipe Line Company, the Pampa Refining Company, and the Grayco Gasoline Company; that appellee represented himself to be the owner of the physical properties of said companies, employed appellant to find a purchaser therefor on such prices, terms, and conditions as would be acceptable, and agreed to pay a reasonable compensation for such service; that appellant found a purchaser in the H. F. Wilcox Oil & Gas Company acceptable to appellee, and the sale of the properties was effected about May 7, 1930, by appellee and the other stockholders in said corporations duly transferring their respective shares of capital stock in said corporations to the H. F. Wilcox Oil & Gas Company, which was the method adopted by appellee and the purchaser for transferring the properties; that, by procuring a purchaser that actually purchased the capital stock, appellant complied with the provisions of the listing contract, and appellee was liable to him for a reasonable commission "for procuring the aforesaid purchaser for the aforesaid capital stock of the said Pampa Pipe Line Company and the said Pampa Refining Company as a result of the express contract entered into by and between" appellant and appellee. Appellant pleaded in detail the listing of the properties, the sale of the stock, the price paid therefor, the reasonable worth of his service, and alleged that, because of the contract listing with him the physical properties, he was entitled to reasonable compensation for the sale of the capital stock.

A trial was had, during which the claim for selling the assets and capital stock of the Grayco Gasoline Company was abandoned, and appellant recovered judgment on this first count for the sum of $20,000, which was reversed by this court. McClory v. Schneider, 51 S.W.(2d) .738.

In the second count of his first amended original petition the appellant, as an alternative cause of action, adopted the allegations in the first count, and, in addition, pleaded that he had, pursuant to the listing contract, expended his time, money,

and efforts to find a purchaser for said properties. That as a result thereof he procured and induced the H. F. Wilcox Oil & Gas Company to purchase said properties. That appellee knew of his service; that he expected compensation therefor, and with such knowledge accepted the H. F. Wilcox Oil & Gas Company as a purchaser and received the benefits of appellant's service, by virtue of which he became liable to pay appellant the reasonable value thereof.

That reasonable compensation for the service was $29,300, a sum equal to 10 per cent. of the entire consideration, $293,000, consisting of cash and the actual value of the oil paid by the purchaser for the properties and stock. That, if mistaken in this amount, he was entitled to $15,000, a sum equal to 10 per cent. of the consideration, $150,000, received by appellee as an individual for his interest in the capital stock of the aforesaid companies.

Appellant prayed that he have judgment on the first count, or, in the alternative, for $29,300 as and for quantum meruit for the reasonable value of his service in effecting the sale of all the properties and assets or capital stock of said companies, or in any event that he have judgment against appellee for the sum of $15,000 for his service in procuring the sale of the individual properties of appellee for $150,000, which was effected by the sale of appellee's capital stock in said corporations.

At the first trial appellant recovered on the first count contained in his first amended original petition, and, so far as the record discloses, no consideration was given to and no disposition made of the cause of action, if any, he alleged in the second count.

■ It is not contended that the cause of action was barred by limitation at the time the first amended original petition was filed, nor that the allegations of the second, third, or fourth amended original petitions were insufficient to authorize appellant to recover on quantum meruit. The only question presented is whether the court erred in holding that the first amended original petition did not contain sufficient allegations on appellant's claim for reasonable compensation for his service —his suit on quantum meruit—to interrupt the running of the statute of two years' limitation. In the first amended original petition, the substance of which we have stated, the appellant pleaded in detail the facts upon which his alleged cause of action is based. He sought to recover first on what he asserted to be an express contract, but in the alternative he asked for judgment on his implied contract for the value of his service, or on quantum meruit.

In our opinion, his suit on quantum meruit as alleged in his first amended original petition was not subject to a general demurrer. McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721; Martin v. Jeffries (Tex. Civ. App.) 172 S. W. 148; Texas Ranger Producing & Refining Co. et al. v. Witt et al. (Tex. Civ. App.) 256 S. W. 984. However, had said pleading been subject to a general demurrer, it does not follow that it was insufficient to toll the statute of limitation, as in our opinion it was sufficient to advise the appellee of the nature of his claim. Southern Surety Co. of New York v. First State Bank of Marquez (Tex. Civ. App.) 54 S.W.(2d) 888.

■ Article 5539b, Vernon's Ann. Civ. St., provides: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

The fact allegations in appellant's fourth amended original petition, in which he sought to recover for the value of his service, do not grow out of, and are not wholly based upon, a new, distinct, or different transaction and occurrence, but contain substantially the same facts amplified on which his quantum meruit claim is founded in his first amended original petition. American Surety Co. of New York v. Martinez et al. (Tex. Civ. App.) 73 S.W.(2d) 109; Eureka Security Fire & Marine Ins. Co. v. De Ross (Tex. Civ. App.) 62 S.W.(2d) 226; Thompson v.

Van Howeling (Tex. Civ. App.) 49 S.W. (2d) 961.

The judgment is reversed, and the cause remanded.