## BURKHOLDER v. HENDERSON.

### No. 3410.

Court of Civil Appeals of Texas. El Paso.

Oct. 1, 1936.

Rehearing Denied Oct. 22, 1936.

J. E. Burkholder and Lyle Saxon, both of Dallas, for appellant.

Alvin H. Lane, of Dallas, for appellee.

WALTHALL, Justice.

The one controlling question presented in this case is whether plaintiff's cause of action is subject to the bar of the statute of limitation of two years as pleaded by defendant.

This suit was originally filed by R. F. Henderson in August, 1927, against J. E. Burkholder to recover the sum of $1,372 alleged to be due him as commissions upon a sale contract predicated upon the pleadings and facts stated. We need not state that pleading more specifically. On May 15, 1929, Henderson filed a second amended original petition alleging, in substance, that on or about the 29th day of April, 1927, Burkholder was engaged in the manufacture and sale of a plaster known as Colorcoat; that Burkholder had contracted with one W. E. Talley by which he gave him the right to sell said plaster in a number of states including Texas, and that on March 5, 1927, said Talley by written contract transferred and conveyed to the United Builders Supply Company of Dallas, Tex. (in which name plaintiff was doing business), the right to manufacture and sell said plaster in the state of Texas, subject, however, to the contract of Burkholder; that on April 27, 1927, Henderson assigned to Burkholder all his rights under his Talley contract; on the same day Henderson and Burkholder entered into a written contract whereby Burkholder granted to Henderson the exclusive right to sell said plaster anywhere in Texas, but reserved to himself the right to make sales of the plaster in the city of Dallas, and attached said written contract to said petition and made it a part thereof. The contract

provided that Burkholder would manufacture the necessary plaster for Henderson's sales and would sell the plaster to Henderson at a discount of 33⅓ per cent. off the list price on terms stated.

It was then alleged in the second amended original petition that thereafter Henderson, through his employees, learned that a church house was to be built in Amarillo, Tex., and began an effort through the architect and contractor to have said plaster substituted in place of the one specified; that Henderson disclosed to Burkholder the facts above stated as to the use sought to be made of said plaster in the construction of said church building and requested Burkholder to assist him in having said plaster specified and to make the sale of the plaster to which Burkholder agreed because of the benefit to him of such sale order; that Henderson arranged for a demonstration in his Dallas office of the use of said plaster, its appearance, at which demonstration a representative of said architect and Burkholder were present; that thereafter Henderson and Burkholder together called upon the contractor of the church building, quoted the price of the plaster and urged its purchase, continued their efforts to make sale and resulted in the substitute specification by the architect of said plaster. It was alleged that thereafter the architect secretly and fraudulently entered into conspiracy with Burkholder to defraud Henderson out of his commission and for Burkholder to make the sale of the plaster direct to construction contractor, and requested Henderson to make no further effort to complete the sale of the plaster; that as soon as the plaster was specified in the building contract the architect so informed Burkholder but not Henderson, and Burkholder agreed to furnish the contractor 60 tons of the plaster, more or less, at $56 per ton, the total consideration being $3,360. As soon as Henderson learned of the consummation of the contract for the sale of the plaster, he demanded of Burkholder his commission of $1,120, which Burkholder refused to pay.

In his second amended original petition Henderson alleged in the alternative that, if Burkholder did not expressly contract and agree to pay him the sum of $1,120 as commission, he impliedly contracted to pay him the usual, customary, and reasonable charge for said services in obtaining a purchaser for said plaster which was at that time one-third of the total sale price of said plaster; that his services were reasonably worth $1,120; and that Burkholder impliedly agreed to pay same, and alleged a demand made, for which he asked judgment.

The case was tried four times on said second amended original petition and resulted in mistrials, with one exception, from which an appeal was prosecuted and a reversal had. (Tex.Civ.App.) 29 S.W. (2d) 937.

On August 14, 1934, Henderson filed his third amended original petition, upon which this trial was had, and from which this appeal is prosecuted, which is as follows:

"Now comes R. F. Henderson, who resides in Dallas County, Texas, and is hereinafter called plaintiff, complaining of J. E. Burkholder, who also resides in Dallas County, Texas, and is hereinafter called defendant, and first having obtained leave of court, files this, his third amended original petition, and for cause of action shows the court as follows:

"1. That heretofore, to-wit, during May, 1927, and for possibly a year before that time, defendant was manufacturing in Dallas, Texas, a certain plaster known as 'Colorcoat,' which he claimed was protected by a patent, and that during the latter part of 1926 and early part of 1927 plaintiff had been selling said plaster for defendant, at times upon a commission basis and at times upon a contract of purchase and re-sale.

"2. That early in May, 1927, plaintiff being advised that a church was to be built in Amarillo, Texas, which would be a good prospect for the sale of said plaster, advised defendant in Dallas, Texas, that he was in touch with some good business coming up for said plaster but that he would not endeavor to secure the same for defendant unless defendant would agree definitely that should plaintiff put him in touch with said business, defendant would cooperate fully with plaintiff in securing said business and that he would pay plaintiff a commission of one-third of the list price per ton for all Colorcoat plaster actually sold and used on buildings the sale on which was initiated by plaintiff. That defendant thereupon promised and agreed with plaintiff that he would cooperate fully with plaintiff in making sales initiated by plaintiff. Plaintiff then advised defendant that the particular build-

ing he had in mind at that time was the Polk Street Church, in Amarillo, Texas, and defendant specifically promised that should they be successful in selling the plaster for it, he would pay plaintiff a commission of one-third the list price per ton for such plaster, plaintiff advised defendant that R. H. Hunt & Company were the architects for said building and took defendant up to the office of said architects and introduced defendant as the manufacturer of Colorcoat plaster to Mrs. C. B. Carter, of R. H. Hunt & Company, as an associate architect on said church building. That for the purpose of convincing the said Mrs. Carter that Colorcoat plaster was well adapted for use in said building and was a suitable and proper material therefor, plaintiff arranged for a demonstration of said colorcoat plaster at his office in the Santa Fe building, Dallas, Texas, at which demonstration the said Mrs. Carter, defendant, plaintiff, and other parties were present. That various samples of said plaster were applied to plaques in the presence of said architect, Mrs. Carter, for the purpose of demonstrating the adaptability and suitability of said plaster for said church job, and that the said Mrs. Carter, as a result of said demonstration, became convinced that said plaster was a well-developed material and that it would be useful and a desirable material for use in said church building; that for the further purpose of inducing the said Mrs. Carter to specify the Colorcoat plaster for use in said church building, plaintiff employed one C. M. Clevenger, who was known as a brother of Mrs. Carter, to work for him as a salesman and agreed to pay said Clevenger a commission of fifteen per cent, on all sales of Colorcoat plaster made by him, and further agreed to pay him such commission on said church job in the event that a sale of said plaster for said church should be made.

"4. That following said above described demonstration and the employment of said Clevenger by plaintiff, Mrs. Carter, being convinced of the desirability of said plaster for said church building, advised plaintiff in Dallas, Texas, that she would cooperate with him in the sale of said plaster, and suggested that plaintiff should not take the matter up with the general contractors until she gave the word. That shortly thereafter Mrs. Carter suggested that plaintiff see said general contractors, and plaintiff, in company with defendant,

called on Christy-Dolph Construction Company, in Dallas, Texas, at which time the use of said plaster in said church building was discussed between plaintiff, defendant, and Mr. Lee Christy.

"5. Plaintiff would further show to the court that after plaintiff had initiated the sale of said plaster for said church building with defendant and with the architect, as aforesaid, and had by his efforts persuaded said architect that said plaster was a suitable material for said church building and had interested her in said material to the point that she was willing to exert her efforts to accomplish the sale of said plaster for said building, the defendant then decided that he no longer needed the plaintiff's assistance in order to accomplish said sale. That for the purpose of eliminating plaintiff from said transaction, defendant got the said Mrs. Carter, acting in collusion with him, to request plaintiff to make no further effort to make the sale. That the exact time and place when this collusion between defendant and Mrs. Carter occurred is known to defendant, is unknown to plaintiff, and cannot be more definitely alleged by plaintiff than is here done. That the said Mrs. Carter advised plaintiff that the specification would be made and the church people satisfied and thereupon she would notify plaintiff, who could then complete the sale. That about the first part of August, 1927, defendant proceeded independently in his negotiations with the building committee of said church and finally, to-wit, on the 8th day of August, 1927, through the assistance of said Mrs. Carter, and as a direct and proximate result of the negotiations instituted by plaintiff, defendant concluded a sale of sixty tons of said plaster to Christy-Dolph Construction Company, at a price of approximately $56.00 per ton, or for a total consideration of $3363.00. That as soon as plaintiff learned that said sale had been concluded, he demanded of defendant his commission on one-third of said amount, to-wit, the sum of $1121.00, but that defendant has refused to pay the same, or any part thereof, to plaintiff's damage in the sum of, to-wit, $1,121.00 together with legal interest thereon from, to-wit January 1, 1928.

"6. Pleading in the alternative, plaintiff would further show to the Court that if defendant did not expressly contract and agree to pay plaintiff a commission of one-third of the price of said plaster per

ton, nevertheless defendant impliedly contracted to pay plaintiff the usual, customary and reasonable charge for plaintiff's said services in procuring the sale of said plaster. for said church building, which plaintiff alleges was at the time of making said sale, one-third of the total sale price of said plaster. That plaintiff's services in initiating said sale and in securing the assistance and cooperation of the architect toward the specification of said plaster for said building, were reasonably worth one-third of the total sale price of said plaster or, to-wit, $1,121.00 together with legal interest thereon from, to-wit, January 1, 1928.

"Wherefore, defendant having already appeared and answered herein, plaintiff prays that upon final hearing hereof he recover judgment for his commission, as above set out, in the sum of $1,121.00, together with legal interest thereon, for all costs of suit, and for such other and further relief to which he may be entitled."

To this amended petition Burkholder by his seventh amended answer pleaded exceptions general and special, specially pleaded that plaintiff's cause of action is barred by the statute of limitation of two, three, and four years, general denial, estoppel, and other pleas not necessary to mention at this time.

The court heard the evidence and submitted the case to the jury on special issues, on which issues the jury found:

(1) During the month of May, 1927, Burkholder orally agreed to pay Henderson a commission of one-third the list price per ton for all Colorcoat sold through Henderson's efforts.

(2) Henderson was the procuring cause of the sale by Burkholder of Colorcoat for use in the Polk Street Methodist Church at Amarillo, Tex.

(3) Burkholder, by his acts and conduct, led Henderson to believe that he (Burkholder) would pay Henderson on a reasonable commission for the services of Henderson if Henderson produced the sale of Colorcoat for use in the said church house at Amarillo, Tex.

(4) Henderson was the procuring cause of the sale by Burkholder of Colorcoat for use in the Amarillo, Tex., church.

(5) $1,372 will reasonably compensate Henderson for his services in procuring the sale by Burkholder of the Colorcoat for use in the Amarillo, Tex., church.

(6) Burkholder was not the procuring cause of the sale of Colorcoat for use in the Amarillo, Tex., church.

(7) Henderson did not voluntarily abandon any effort to sell Colorcoat plaster for use in said church prior to the consummation of the sale.

Henderson filed his motion for judgment upon the verdict of the jury sustaining the first count of his petition. Burkholder filed his motion for judgment claiming that the entire cause of action was barred by limitations.

The court refused both motions and entered judgment sustaining the plea of limitations to the first count in Henderson's petition, and giving Henderson judgment on his quantum meruit count in the sum of $1,372, with interest thereon from the date of the judgment. The court overruled Burkholder's motion for a new trial, and Burkholder perfects this appeal.

Opinion.

Appellant's motion to strike appellee's brief is overruled.

 There is no merit in appellant's contention that because appellee, on the previous trials, based his cause of action upon the written contract, he is now estopped to base his suit upon a verbal agreement, or implied agreement, or upon a quantum meruit.

In no one of the trials was a judgment reached except the one in which the trial court erroneously instructed the verdict and based the judgment thereon. Until a final adjudication has been reached by the ultimate tribunal provided by law, the right to amend the pleading is not lost. The fact that appellee, in previous pleadings, based his cause of action, in part, upon a written contract and in the same pleading sets out, substantially, the same facts as in the subsequent pleading, does not, in our opinion present such inconsistent position as to cause an estoppel, and especially would that be so where the former position did not result in any kind of adjudication, or was successfully maintained. It is not claimed, nor does it otherwise appear, that appellant was in any way prejudiced by the change in the cause of action as stated in the amended pleading or was caused loss or injury; nor does it appear that the trial court by the change

in the pleading has been induced to make any particular ruling in appellee's favor. 26 Tex.Jur. pp. 34, 35, et seq., and the many cases referred to under the paragraphs.

Appellant pleaded the statutes of limitation to appellee's cause of action as pleaded in his third amended original petition. His proposition is as follows: "Where plaintiff's pleadings and evidence were based upon a written contract, and tried thereon in four consecutive trials, resulting in mistrials each time, and where a period of seven years had elapsed from the institution of his original suit, amended pleadings declaring upon a verbal contract, and abandoning the written contract, he is barred by the statute of limitations of four years. This applying also to an implied contract, growing out of the verbal contract."

The contention of appellant is that appellee's cause of action pleaded in his third amended petition is a new cause of action, separate and distinct from that pleaded in his second amendment and is barred by limitation.

The trial court apparently was of the opinion that appellee's cause was barred, but held that appellee's count in quantum meruit was substantially the same count as pleaded in appellee's second amended petition which was not barred. The court permitted evidence to be offered apparently on the whole case and submitted issues, as above stated, under both counts of the petition.

Appellee presents a cross-assignment of error to the holding of the trial court that his cause of action is barred except as to his plea in quantum meruit, and to the overruling of his motion for judgment on the verdict of the jury.

After a careful review of the entire case, we have concluded that the court was in error in holding that any part of appellee's cause of action was barred by the statute of limitation. While there are many angles to appellee's suit, they all tend to but one issue, appellee's right to a commission on the sale of the plaster. In our opinion, the third amended petition did not set up such a separate and distinct cause from that pleaded in the second amendment as to come within the provision of the limitation of the statute as submitted; the pleadings in the two amendments are substantially alike, refer to the same transaction, and substantially rest upon the same evidence. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 462, 61 S.W. 707, 709; Baker v. Gulf, C. & S. F. Ry. Co. (Tex.Civ. App.) 184 S.W. 257; Fuller v. El Paso Times Co. (Tex.Com.App.) 236 S.W. 455; Cochran et ux. v. Carruth (Tex.Civ.App.) 12 S.W.(2d) 1078.

If we are not in error in not sustaining the plea of limitation, the trial court was not in error in admitting the evidence on the whole transaction.

Without discussing the evidence, we have reviewed it, and we think it sustains appellee's cause of action as pleaded.

Appellant suggests that the amount of the verdict and judgment is excessive.

Appellee sues for $1,121 commission, together with legal interest thereon from January 1, 1928. We think the jury could, and they possibly did, include some interest in the amount found.

We have considered the propositions not specially discussed, and they are overruled.

Finding no reversible error, the case is affirmed.

Affirmed.