## TILLEY v. WINFREY et al.

### No. 13288.

Court of Civil Appeals of Texas. Dallas.

Oct. 2, 1942.

Rehearing Denied Oct. 30, 1942.

R. V. Nichols, of Fort Worth, for appellant.

Martin B. Winfrey and Irving L. Goldberg, both of Dallas, for appellees.

BOND, Chief Justice.

The trial court sustained defendants' special exception, holding in effect that plaintiff's cause of action, having accrued more than two years prior to the filing of his amended petition, was barred by the statute of limitation, Vernon's Ann.Civ.St. art. 5526, thus dismissing the suit.

Plaintiff's petition is very prolix. It would serve no useful purpose here to fully extend it in this opinion. The original petition was filed in the court below on December 7, 1940, vouching into the suit Attorneys Martin B. Winfrey and Irving L. Goldberg, doing business under the firm and partnership name of Winfrey & Goldberg; and Hugh Albert Drane and Hugh Drane, Jr., individually and as executors and trustees of the estate involved. Plaintiff alleged in detail his cause of action on express contract and on implied contract and quantum meruit, setting forth, in effect, that he was, on or about April 25, 1938, employed by the defendants as an attorney to aid and assist Winfrey & Goldberg and the Dranes in the prosecution and defense of a certain lawsuit then pending in Navarro County, Texas, fully described in his petition; for which services the defendants, jointly and severally, contracted and agreed to pay him a reasonable fee, payable only at the conclusion of the case, which he alleged was tried and concluded on or about December 21, 1938. The amount sought was the sum of $30,-000.

On October 10, 1941, plaintiff filed his second amended original petition, naming the same parties as defendants, seeking recovery of the same attorney's fees, basing his right to recover judgment on express and, in the alternative, implied contract and quantum meruit, involving the same transactions as set out in his original petition. Indeed, as is usual in such cases, the amended petition enlarged upon the allegations of the original petition to meet all exigencies of proof.

Art. 5539b, Vernon's Tex.Ann. Civ.St., specifically provides that whenever any pleadings are filed alleging a cause of action which is not then barred by the statute of limitations, "no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence." It is evident from plaintiff's original petition and his amended petition, on which he went to trial, that the defendants were identical, that he sought recovery of attorney's fees growing out of the same transaction and occurrence, and that the evidence to be adduced to prove his claim would be the same and have the same legal effect. There is no substantial change in the two petitions; each embraced the essential elements against the defendants. In the amended petition, plaintiff elaborated, amplified and clarified the facts alleged in the original petition, basing same on no new, distinct or different transaction or

occurrence as to require new citation, or raise the issue of a new and independent cause of action. Plaintiff's original petition, showing that his cause of action was not barred by the statute of limitation, and the subsequent amendment merely elaborating and clarifying the facts surrounding the transaction and occurrence, presents no ground for the action of the court in sustaining defendants' exception, and dismissing the suit. Schneider v. McClory, Tex. Civ.App., 83 S.W.2d 352; Burkholder v. Henderson, Tex.Civ.App., 97 S.W.2d 297.

The judgment of the court below is reversed and cause remanded for trial.