## GRAY v. LAKETON WHEAT GROWERS, Inc.

### No. 6129.

Court of Civil Appeals of Texas. Amarillo.
March 5, 1951.

Rehearing Denied April 16, 1951.

354

Braly & Braly, Pampa, for appellant.

Sturgeon & White, Pampa, for appellee.

LUMPKIN, Justice.

In the summer of 1944 the appellee, Laketon Wheat Growers, Inc., of Gray County, Texas, was engaged in the business of buying and storing wheat for farmers. The appellant, H. E. Gray, asked the appellee for an advance of $1,470.75 to defray the expenses of his wheat harvest. The appellee had an arrangement with the Producers Grain Corporation of Amarillo, Texas (hereinafter called Producers Grain) to advance money to customers. The appellant was the appellee's customer. On July 6, 1944, the appellee drew a draft in the sum of $1,470.75, payable to the appellant's order upon Producers Grain through the First National Bank of Amarillo. On July 8, 1944, the draft, endorsed by the appellant and one W. S. Mercer, was paid by the bank. Producers Grain charged the appellant with an advance of $1,470.75.

On April 10, 1946, Producers Grain filed a suit against the appellant for debt, alleging that it had advanced a sum of money which the appellant had promised to repay with wheat from his 1944 crop. It alleged that the appellant had not discharged the debt and prayed judgment for the amount of it together with interest.

On December 2, 1949, Producers Grain conveyed to the appellee, Laketon Wheat Growers, Inc., all causes of action held by it against the appellant; and on February 3, 1950, the trial court ordered that the appellee be named in lieu of Producers Grain as the plaintiff in the case. On the same day the appellee filed its first amended original petition to which, later, the appellant filed his amended answer. The appellant does not deny receiving and using the money but contends that he borrowed the money from the appellee and not from Producers Grain.

Trial was before the court without a jury. The court rendered judgment for the appellee in the sum of $1,470.75, together with 6% interest in the amount of $492, calculated from January 1, 1945, to the date of the judgment. To this judgment the appellant excepted and in due time perfected this appeal.

At the appellant's request, the trial court filed findings of fact and conclusions of law. Among other facts, the court found that when the appellee drew the draft, an instrument in writing, the appellant knew it was drawn on Producers Grain; that the appellant received the money from Producers Grain as an advancement and loan; that the appellant agreed, either expressly or implied, to repay Producers Grain the sum of $1,470.75 when he sold his 1944 wheat crop; and that although Producers Grain had demanded its money, the appellant had refused to pay all or any part of what he owed.

The court found that the appellee's cause of action, as alleged in the original petition and its first amended original petition, is not barred by the statute of limitations; that its first amended original petition does not state a new, distinct cause of action but alleges a cause of action based upon the same transaction as alleged in the original petition filed by Producers Grain. The court found that the appellee had not paid the debt in either money or wheat.

In its conclusions of law the court said, in part, that the cause was not barred by either the two or four year statute of limitations, Articles 5526 and 5527, Vernon's Annotated Civil Statutes; that the appellant was justly indebted to the appellee in the sum named in the judgment.

The appellant does not deny that the evidence is sufficient to support the trial court findings of fact. He insists, however, that Producers Grain did not allege a cause of action in its original petition, that the statute of limitations was not tolled by its filing, and that the appellee's cause of action, as contained in its first amended original petition, is barred by the two and four year statute of limitations.

The object of a statute of limitations, requiring a complaining party to assert his claim within a reasonable time, is to suppress fraudulent and stale claims. But the filing of a petition tolls the statute of limitations as to every cause of action asserted in the original petition, and this is true no matter how imperfectly the cause of action is alleged—even if it is so defective as to be subject to special and general demurrer, provided it is filed before the expiration of the statutory period of limitation and is based upon a proper cause of action described with sufficient certainty to apprise the defendant of its nature. Scoby v. Sweatt, 28 Tex. 713; Pope v. Kansas City, M. & O. Ry. Co., 109 Tex. 311, 207 S.W. 514; Leifeste v. Stokes, Tex. Civ.App., 45 S.W.2d 1006; Southern Surety Co. of New York v. First State Bank of Marquez, Tex.Civ.App., 54 S.W.2d 888; Curtis v. Speck, Tex.Civ.App., 130 S.W.2d 348. Rule 45, Texas Rules of Civil Procedure, provides that a claim for relief in an original petition shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved and "his demand for judgment for the relief to which the party deems himself entitled."

In this case the original petition states a cause of action. Briefly, it sets forth that at the appellant's request the plaintiff, Producers Grain, advanced him a sum of money which he promised to repay out of his 1944 wheat crop, that due demand was made upon the appellant for repayment and that he refused to pay any part of the money to the plaintiff's damage in the amount of the debt. In our opinion the averments of the petition are sufficient to put the appellant upon notice of the claim made by Producers Grain and tolled the statute of limitations on the cause of action alleged.

Next, the appellant contends that the appellee's cause of action is barred by the statute of limitations because the original petition states one cause of action while the appellee's first amended original petition alleges a new and different cause of action: that is, the first declared upon an express contract, the second alleged an implied contract—thus, the appellee's petition has no relation to the beginning of the action so as to stop the running of the statute of limitations.

In 28 Tex.Jur., 219, it is said: "An amended pleading which is merely an amplification of the original pleading does not set up a new cause of action. And where the plaintiff, by amendment, sets forth the same cause of action more correctly or specifically than in his original petition, it is not a new suit, and the statute of limitations will not avail for the period between the original and amended petition."

Because of the original petition, the appellant was aware of the claim against him. The appellee's first amended original petition reiterated most of the allegations of the original petition. It alleged that the appellant was advanced the sum of $1,470.75 by Producers Grain, as evidenced by the negotiable draft drawn by the appellee. The appellee's petition merely amplified the claim against the appellant. Both petitions were based upon the same transaction.

Even under circumstances where the original petition alleged an express agreement and the amended petition, filed after limitation had run, alleged an implied 'agreement, our courts have held that the second petition did not set up a new cause of action. Rose v. Clutter, Tex.Com.App., 271 S.W. 890; Burkholder v. Henderson, Tex. Civ.App., 97 S.W.2d 297.

■ Article 5539b, provides: "Whenever any pleading is filed by any party to a suit embracing any cause of action, * * * and at the time of filing such pleading such cause of action, * * * is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. * * *"

The appellant does not contend that the original petition is subject to a plea of limitation. The test of Article 5539b is whether the cause of action alleged in the amended pleadings is wholly based upon and grows out of a new, distinct or different transaction and occurrence. The appellee's petition did not allege a new or different transaction from that alleged in the original petition. The appellant's points of error in this connection are overruled. Texas Pacific Coal & Oil Co. v. Smith, Tex.Civ.App., 130 S.W.2d 425, 428; Wyche v. Perrin, Tex.Civ.App., 228 S.W.2d 330.

■ Finally, the appellant insists that the trial court erred in granting the appellee interest in the sum of $492 because the appellant neither contracted to pay interest nor is he obligated to pay it under Article 5070. This Article provides that where no specific rate of interest is agreed upon by the parties, the interest rate will be 6% per annum on all written contracts "ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made." The appellant contends that he is not obligated to pay interest under this

statute because the only instrument in writing involved in this transaction was the draft and it did not stipulate that interest would be paid on the $1,470.75. The general rule is, however, that where the nature of the contract is such as to reasonably raise the inference that the loan was not a gratuity, one who lends money to or makes advances for the benefit of another is entitled to interest upon the sum advanced, although nothing was said about interest at the time the transaction was made. Parsons v. Parsons, Tex.Com.App., 284 S.W. 933; Schluter v. Sell, Tex.Civ.App., 194 S.W.2d 125. But the appellant makes this point: When a party primarily liable pays a negotiable instrument in due course the amount called for, the paper becomes *functus officio,* and all parties thereon are discharged from liability. He cites the case of Hazleton v. Holt, Tex.Civ.App., 285 S.W. 1115, which holds that upon making payment the remedy of the payor against other parties primarily liable is not on the contract evidenced by the paper but by way of assumpsit on the promise raised by law for reimbursement.

■ In the case of Ingram v. Posey, Tex.Civ.App., 138 S.W. 421, the court said: "It is a well-established doctrine, both by courts of law and of equity, that, where one person has received money of another which in honesty and good conscience he cannot retain, an action will lie by the party entitled to recover it back, and whether the action be in assumpsit or for money had and received under our Code is immaterial."

■ The court found that the appellant had received the money from Producers Grain as an advancement and loan, that he knew from whom he received it, and that he appropriated the $1,470.75 to his own use and benefit. Since, as found by the trial court, the appellant had agreed, either expressly or impliedly, to repay Producers Grain, the loan was not a gratuity. As to the question of interest, even if this is a case based upon an implied promise, the appellant by implication agreed to pay interest as a legal incident to the debt. 25 Tex.Jur. 22; Shield Co., Inc., v. Carter, Tex.Civ. App., 58 S.W.2d 1068.

We have carefully considered the record in this case. None of the points of error urged by the appellant reveals reversible error. We therefore overrule each of the points of error and affirm the judgment of the court below.