## PULLMAN CO. v. KANSAS CITY SOUTHERN RY. CO.   (No. 2985.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1924. Rehearing Denied Jan. 8, 1925.)

1. **Limitation of actions** ⬅127(4)—Cause of action set up in amended petition in railroad's action against Pullman Company for amount paid injured passenger, held not different from that set up in original petition.

Cause of action set up in amended petition, alleging that defendant's sleeping car was part of plaintiff's railroad train under "arrangement between them," and that passenger was injured as result of defendant's failure to perform its duty, *held* not different from that set up in original petition, alleging not only express contract by defendant to reimburse plaintiff, but liability by virtue of contract of carriage between them and negligence of defendant's servants, and hence not barred by limitations.

2. **Limitation of actions** ⬅127(2)—Commencement of suit stays running of statute, though petition subject to general demurrer.

Commencement of suit stays running of statute, though petition is subject to general demurrer as not stating cause of action, if omissions are supplied by amended petition, retaining even as part of cause of action therein asserted, what was asserted by original petition.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 4, 1925.

Action by the Kansas City Southern Railway Company against the Pullman Company. Judgment for plaintiff, and defendant appeals. Affirmed.

In alighting from a sleeping car belonging to appellant, and forming a part of one of appellee's trains, May 13, 1916, Mrs. A. B. Beam was injured as the result of negligence on the part of employés of appellant in charge of said car. Appellee, having been compelled to pay Mrs. Beam $1,200 as the damages she was entitled to because of the injury she suffered, and to pay $82.01 court costs, by an original petition filed March 14, 1918, commenced this suit against appellant to recover back the sums it had so paid. The case was tried on appellee's first amended petition filed October 24, 1922. The trial resulted in a judgment in appellee's favor as prayed for by it.

In its original petition appellee alleged that Mrs. Beam claimed to have been injured in alighting from a sleeping car which belonged to appellant, and which formed a part of one of appellee's trains by virtue of a contract between it and appellant, and then alleged as follows:

"(5) Plaintiff alleges that as a result of the alleged injuries of the said Mrs. A. B. Beam it entered into an agreement with the defendant, by the terms of which plaintiff was authorized by the defendant to settle with the said Mrs. Beam for the sum of $1,282.01, and this defendant would reimburse plaintiff for said sum so paid to Mrs. Beam, provided the negligence of defendant's employés caused said alleged injury to Mrs. Beam.

"(6) Plaintiff alleges it was compelled to pay, and did pay in settlement of said alleged injury, the sum of $1,282.01, and that by virtue of the contract of carriage existing between plaintiff and defendant, and also because of the negligence of the servants and employés of defendant, and according to the agreement of settlement between plaintiff and defendant of Mrs. Beam's claim, the defendant is liable to plaintiff for the full sum of $1,282.01."

In its amended petition appellee alleged that "by an arrangement" between it and appellant, sleeping cars belonging to the latter were incorporated in its (appellee's) passenger trains; and alleged, further, that:

"In the relations between plaintiff and defendant, the duty of caring for the passengers and providing for their safe ingress and egress to and from the defendant's cars and rendering assistance to the passengers using defendant's cars in alighting or boarding same were assumed by the defendant and left to it by the plaintiff, and the plaintiff relied upon it and its employés to carefully perform those duties in the manner and way set forth in this petition; and said defendant impliedly, if not expressly, bound itself to save the plaintiff harmless from the result of any failure upon its part or the part of its employés to perform the duties assumed."

Appellee then alleged that appellant failed to discharge duty it assumed on the occasion when Mrs. Beam was injured; and that, as a result of such failure and the injury to Mrs. Beam, it had to pay her $1,282.01 and to pay $82.01 court costs. Appellee alleged, further, that it was

"liable to the said Mrs. Beam by reason of the relationship of passenger and carrier between them, and her injuries having proximately resulted from the negligence of the defendant, * * * said defendant became liable to and thereby promised to reimburse the plaintiff for its loss resulting as aforesaid."

Wheeler & Robison, of Texarkana, Tex., for appellant.

King, Mahaffey & Wheeler, of Texarkana, Tex., and Louis Josephs, of Texarkana, Ark., for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The court below overruled an exception to the amended petition, on the ground that the cause of action set up therein was a new and different cause of action from that set up in the original petition, and was barred by the statute of limitations of two and four years. The contention that the court erred when he ruled as stated presents the only question made on the appeal.

The contention ought to be sustained if appellee's original petition should be construed as appellant insists it should be, to wit, as basing appellee's right to the recovery it sought solely on "an express contract," whereby appellant "agreed and promised to reimburse appellee" the amount it "expended in settling with Mrs. Beam"; for, plainly, the cause of action set up in the amended petition was not based on the breach of such a contract. But to so construe the original petition would be to ignore the allegations in paragraph 6 thereof (set out in the statement above) to the effect that appellant was liable to appellee not only on such a contract, but also "by virtue of the contract of carriage existing" between them, "and also because of the negligence of the servants and employés" of appellant. We do not think those allegations should be disregarded, but, instead, think those in paragraph 5 of the original petition (also set out in said statement) should be, if the judgment can thereby be sustained.

Ignoring the allegations in said paragraph 5, and others pertinent alone to the agreement mentioned in said paragraph, and looking alone to the other allegations in the original petition, it would appear that appellee's cause of action was based on a "contract of carriage" between it and appellant, and on negligence of appellant's employés. Can it be said that the cause of action set up in the amended petition was not based upon the same "contract of carriage" and negligence of appellant's servants?

We think the question must be answered in the negative. It was alleged in the amended petition, it- will be noted, that appellant's. sleeping car was a part of appellee's train by virtue of "an arrangement between them," which could have meant nothing else than by virtue of a "contract of carriage" between them; and it will be noted, further, that appellee charged in the amended petition that Mrs. Beam was injured as a result of negligence on the part of employés of appellant, in that they failed to perform duty appellant (presumably in the "arrangement" referred to) agreed they should perform.

[2] The fact, if it was a fact, that the original petition, with paragraph 5 eliminated, would have been subject to a general demurrer on the ground that a cause of action in favor of appellee against appellant was not stated therein, would have been of no importance, we think, for the rule in this state is that the commencement of a suit by a party in whose favor a cause of action exists stays the running of the statute of limitations, notwithstanding the petition by which the suit is commenced is subject to a general demurrer on the ground stated. Tel. Co. v. Smith (Tex. Civ. App.) 146 S. W. 332; Pope v. Ry. Co., 109 Tex. 311, 207 S. W. 514; Bigham v. Talbot, 63 Tex. 271; Ry. Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155. In such a case, if omissions in the original petition are supplied in the amended petition, and if the latter in any way retains (said the courts in the two cases last cited) "even as a part of the cause of action therein asserted, that which was asserted by the original petition," it is "sufficient to prevent the running of the statute after the original petition was filed."

The judgment is affirmed.