**FORD MOTOR CO. v. MADDOX MOTOR CO.**

No. 4130.

Court of Civil Appeals of Texas.  Texarkana.
March 16, 1932.

Rehearing Denied March 31, 1932.

Leon C. Huvelle and Allen & Allen, all of Dallas, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, and Jones & Jones, of Marshall, for appellee.

WILLSON, C. J. (after stating the case as above).

The transcript on this appeal contains 281 typewritten pages, the statement of facts 350 typewritten pages, appellant's brief 215 printed pages, and appellees' brief 187 typewritten pages. Several of the 100 assignments of error in appellant's brief required more than 6 pages each in which to state them, and setting out the 100 covered 65 pages of the brief. It is not practicable, without devoting more time and space than the importance of the questions they present deserve, to even state all the contentions made by the assignments and propositions under them. In that state of the case, this court, in disposing of the appeal, will not undertake to do more than refer to and determine what appear to be the more important contentions in appellant's brief.

■ Appellees contended that the written contract of January 2, 1924, was modified by a valid oral contract entered into March 10, 1924. In their first amended petition filed March 25, 1926, they alleged that the effect of the oral agreement was to continue the written contract in force for a period of six years from said March 10, 1924, and to deprive appellant of the right conferred on it by said paragraph 17 of said contract of January 2, 1924, to cancel same, even for cause. In their second amended petition filed September 23, 1930, appellees alleged that said oral agreement was not that appellant should not have a right to cancel the contract at all, but that it should not have such right "without just or legal cause." Because of the difference indicated in the allegations in the two amended petitions, appellant asserts that a new and different cause of action was stated in the second one of the two, and that it appeared such new cause of action was barred by the two years' statute of limitations (Rev. St. 1925. art. 5526). The contention is overruled. The suit,

as appears in each of the petitions, was on the same contract, that is, the written contract of January 2, 1924, as modified orally March 10, 1924. The contract covered one and the same transaction. If its terms were erroneously stated in the first amended petition, appellees had a right by another amended petition to state same correctly and in doing so was restating the same cause of action and not stating a new one within the meaning of the rule applicable. Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; Pullman Co. v. Ry. Co. (Tex. Civ. App.) 267 S. W. 1045; Elmo v. James (Tex. Civ. App.) 282 S. W. 835; Green v. Loftus (Tex. Civ. App.) 132 S. W. 502; Western Union Tel. Co. v. Smith (Tex. Civ. App.) 146 S. W. 332.

It is insisted on this appeal, as it was on the former appeal, that the competent evidence before the court did not warrant a finding that K. W. Brown, as appellant's agent, was authorized to bind it by the oral contract in question. As to that, we think it is sufficient to say the evidence at the last trial was not materially different from that heard at the other trial, which the Commission of Appeals held was sufficient. Therefore the contention is overruled, as is also the further contention that the evidence did not warrant the finding that the written contract was modified by an oral agreement as claimed by appellees. The evidence relative to that phase of the case was conflicting, but if, as the Commission of Appeals held and as we now hold, it was sufficient to warrant a finding that K. W. Brown as appellant's agent was authorized to act for it as the evidence showed he did, it ought to be held, we think, to have been sufficient to support a finding of liability on appellant's part to appellees.

■ In response to a special issue submitted to them at appellees' request, the jury found that they (appellees) did not construct a building in which to carry on their business "in compliance (quoting) with clause 3 of the written contract between the plaintiffs and the defendant." In its brief appellant insists that the finding, establishing as a fact, as they say it did, that appellees first breached the contract, required the judgment to be in its favor, and that it was "fundamental error" for the court, instead, to render judgment in favor of appellees. In the clause 3 referred to it was stipulated that appellees should "maintain a place of business and properly equipped sales room and service station, prominently located and acceptable to the Company," but nothing was said therein about constructing a building.

Assignments of error appellant is entitled to have considered not disposed of by what has been said nor by what was said by the Commission of Appeals on the former appeal are believed to be without merit and are overruled.

The judgment is affirmed.