## JOY et al. v. QUALITY SHIRT MFG. CO.
## No. 12999.

Court of Civil Appeals of Texas. Fort Worth. May 25, 1934.

Rehearing Denied June 29, 1934.

W. O. Davis, of Gainesville, and J. W. Chancellor, of Bowie, for appellants.

A. M. Herman and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

M. A. Joy and the Gainesville Garment Manufacturing Company, a private corporation, have appealed from a judgment in favor of the Quality Shirt Manufacturing Company for the sum of $1,127.82, with interest thereon at the rate of 6 per cent. per annum from January 1, 1931, balance alleged to be due for certain merchandise which plaintiff alleged it sold to the defendant Joy.

An itemized account of the goods charged to "The Gainesville Garment Manufacturing Company," the trade-name of defendant M. A. Joy, was attached to the plaintiff's petition, and it included items of merchandise purporting sales on numerous dates, beginning April 16, 1930, and ending June 18, 1930, aggregating, with interest charged thereon, the sum of $4,596.85. The account also shows numerous credits for payments made, aggregating $3,406.14, leaving a balance of $1,190.71. The items in that account were principally all for shirts, but it also included items for a small amount of material which had been cut into patterns to be finished into shirts. It was alleged in plaintiff's petition that those sales were made to M. A. Joy, and that the defendant corporation assumed payment therefor.

The record shows that at the time of those alleged purchases M. A. Joy was engaged in the business of manufacturing wearing apparel and purchasing material for manufacturing the same, and J. L. Pernell was engaged by him as foreman in charge of the business, but Joy was not engaged in buying garments of any kind already manufactured, and Pernell had no authority from him to buy finished garments.

Joy was operating under the trade-name of "The Gainesville Garment Manufacturing

Company," and, according to the evidence offered by plaintiff, Pernell bought the goods on Joy's account from the plaintiff at its place of business in Fort Worth, Tex. The evidence showed that on September 12, 1930, after all the goods had been delivered, a corporation was formed to take over Joy's business, the name of the corporation being "The Gainesville Garment Manufacturing Company," which was made defendant in the suit; the corporate name being the same as M. A. Joy's trade-name. The authorized capital stock of the corporation was $25,000, divided into 250 shares of $100 each, 190 of which were issued to M. A. Joy, who was made president, 50 to J. N. Pernell, who was made secretary, and 10 to W. B. Joy, son of M. A. Joy.

The purpose for which the corporation was formed, as shown in its charter, was: "To transact a manufacturing business, and as such to manufacture any and all kinds of uniforms and wearing apparel with the right to purchase the material for making the same, and to sell the same, and to finance said business in any way usual for such purpose." The place designated for the transaction of the business was Gainesville, Cooke county, Tex.

Payments were made to plaintiff from time to time on the account, beginning May 13, 1930, up to November 20, 1930, all aggregating $3,406.04, and credited in the account attached to plaintiff's petition. The last three of those credits were as follows: September 15th, $500; September 29th, $500; November 20th, $200. Those payments were made by Pernell acting as foreman and general manager of defendant corporation. The payments theretofore made, aggregating $2,179.-89, were likewise made by Pernell while acting as foreman for M. A. Joy's business.

J. P. Hitri, president and general manager of plaintiff company, testified that J. L. Pernell came to the witness and said: "I am needing some shirts; I can't develop all the patterns I need, I have got to make patterns for overalls, and I want to buy some shirts from you." And witness said: "All right, who is responsible for them?" And he said: "M. A. Joy." He further testified that Pernell suggested to him that he investigate Mr. Joy as to his responsibility, which witness did, and, upon receiving a favorable report, he sold the shirts upon Pernell's request. J. P. Hitri further testified that after the goods were sold M. A. Joy expressed approval of the purchase and promised to pay the account. That testimony was sufficient to support the judgment against M. A. Joy upon the theory of ratification of Pernell's agency to make the pur-

chases, even though such agency did not theretofore exist. Hence it is unnecessary to determine the merits of appellants' objection to Hitri's testimony as to Pernell's statements to him when he ordered the goods, on the ground that the same was incompetent to prove Pernell's agency.

It was alleged in plaintiff's petition that the defendant corporation assumed the payment of the account when it took over the business of M. A. Joy, but no proof was offered to support that allegation.

■ The law would imply an agreement by the corporation to pay to M. A. Joy the reasonable value of all the property purchased from him, but such an implied agreement would not include the assumption of Joy's debt to plaintiff; nor was it available to plaintiff in any event, especially as against the corporation's plea that the alleged agreement of the assumption of the debt was not in writing and therefore in contravention of the statute of frauds. Furthermore, J. W. Chancellor, the president and liquidating agent of the defendant corporation, testified without contradiction that when he found on hand the shirts which Pernell had ordered from the plaintiff and which were listed in the account sued on, he disclaimed to plaintiff title thereto, after he acquired information that those goods had been left in defendant's place of business to be held for plaintiff's benefit, and offered to return the same to plaintiff, which offer was refused; and that later he sold the balance he had on hand and turned the proceeds over to the plaintiff after prior notice to the plaintiff of his intention to sell the same for its benefit. The prior acts of Pernell in making payments on the account as the manager of the defendant's corporation would not, of themselves, be sufficient to establish a valid binding contract on the part of defendant corporation to pay the balance due on the account.

Accordingly, the judgment of the trial court against M. A. Joy is affirmed; but the judgment against the defendant corporation is reversed and judgment is here rendered that plaintiff take nothing of it. The costs of appeal are taxed one-half against defendant Joy and one-half against plaintiff in the court below, appellee here.

### On Motion for Rehearing.

■ By an assignment of error not disposed of on original hearing, it was pointed out that although plaintiff's original petition was filed within the period of limitation of two years (Rev. St. 1925, art. 5526), the petition was not good as against a general demurrer,

and therefore the amended petition filed after the expiration of two years was subject to the defendant's plea of limitation, which the court overruled.

In the original petition, plaintiff alleged that it sold to the defendants merchandise amounting to $3,361.77 and that there had been paid on that account $3,604.46, but it was further alleged that there was due on the account $1,216.96, for which judgment was sought. Even though it could be said that those allegations should be construed as conclusively showing that the account had been overpaid (which we doubt) and leaving the petition subject to general demurrer, yet it was sufficient to arrest the statute of limitation. 28 Tex. Jur. § 97, p. 190, and section 120, p. 217. Accordingly, the assignment now under discussion is overruled.

■ We adhere to our former conclusions that the evidence was sufficient to sustain a finding of the trial court that M. A. Joy ratified the account of his employee, Pernell, in purchasing the goods in controversy. Hence M. A. Joy's motion for rehearing is overruled.

■ Our attention has been called to further correspondence between J. W. Chancellor, who became president of the defendant corporation, with attorneys for the plaintiff, which, together with his testimony on the witness stand, was sufficient to support a finding of the trial court that he, as president of the corporation, likewise ratified the purchase of the goods in controversy from the plaintiff by Pernell.

Accordingly appellee's motion for rehearing is granted, our former judgment reversing the judgment against the defendant corporation is set aside, and the judgment of the trial court is affirmed in its entirety.