# FORD MOTOR COMPANY v. MADDOX MOTOR COMPANY.

No. 6267.   Decided June 19, 1934.
Motion for rehearing overruled October 24, 1934.
(73 S. W., 2d Series, 517.)

*Black & Graves,* of Austin, *Leon C. Huvelle and Allen & Allen,* of Dallas, for plaintiff in error.

Where the contract covers all of the subject matter, and

there is no ambiguity in its terms it must be regarded as expressing the entire contract between the parties and cannot be varied by parol or extraneous evidence except upon allegation and proof of fraud, accident or mistake. 3 Elliott on Contracts, p. 138, sec. 1983; Humble Oil & Ref. Co. v. Strauss, 243 S. W., 528; Gonzales College v. McHugh, 39 Texas, 347; Gill v. Baird, 32 S. W. (2d) 941; Dibrell v. Central Natl. Bank, 293 S. W., 874; Hopkins v. City of Dallas, 297 S. W., 347.

*S. P. Jones and Franklin Jones,* of Marshall, and *King, Mahaffey, Wheeler & Bryson,* of Texarkana, for defendant in error.

On the proposition that the written contract as modified by the parol agreement is a valid and binding contract between the parties and should be enforced between them according to the terms thereof defendant in error cites: Pierce-Fordyce Oil Assn. v. Warner Drilling Co., 187 S. W., 516; Magnolia Pet. Co. v. Connellee, 11 S. W. (2d) 158; Hoffer Oil Corp. v. Hughes, 16 S. W. (2) 901; Texas Farm Bureau Cotton Assn. v. Stovall, 113 Texas, 273, 253 S. W., 1101.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is the second appeal of this case. Our opinion in the former appeal is reported at 23 S. W. (2d) 333. We refer to that opinion for a statement of the contents of that record, and our rulings thereon. At the former trial Maddox Motor Company recovered a judgment against Ford Motor Company for $23,500.00. That judgment was reversed and the cause remanded by the Court of Civil Appeals. 3 S. W. (2d) 911. That judgment of the Court of Civil Appeals was affirmed by this court. The judgment in the present appeal is for Maddox Motor Company for $24,000.00. This judgment was affirmed by the Court of Civil Appeals. 48 S. W. (2d) 735. Ford Motor Company brings error.

This suit was originally filed in the District Court of Camp County, Texas, by Maddox Motor Company, a partnership composed of F. W. Maddox and J. H. Mitchell, against Ford Motor Company, a corporation, to recover damages for the breach of an alleged six-year oral contract. In the former appeal we held that if the evidence on the part of Maddox Motor Company was sufficient to show an oral contract at all it showed one which either party had the right to cancel or terminate at will. We then held that such a contract could

not form the basis of a suit in damages for its breach by termination by Ford Motor Company. For a full statement of our rulings in this record on the former appeal we refer to our former opinion.

At the present trial F. W. Maddox was again sworn as a witness and testified to the making of the oral contract by himself on behalf of the Maddox Motor Company, and by one K. W. Brown on behalf of Ford Motor Company. At the present trial F. W. Maddox testified in substance that it was expressly agreed in the oral contract that neither party should have the right to cancel it except for legal cause. We mention this matter to explain why that question is not decisive of this appeal.

The present trial was had on the Second Amended Original Petition of Maddox Motor Company. This pleading comprises some 27 pages of the transcript. It is not possible, within a reasonable space, to make a detailed statement of all of its allegations. It is sufficient for this opinion to say that it seeks recovery on the theory that Maddox Motor Company and Ford Motor Company entered into an oral contract in March, 1924, by the terms of which Ford Motor Company constituted Maddox Motor Company its dealers to sell Ford and Lincoln products at Pittsburg, Texas, for a term of six years. It is alleged that Ford Motor Company breached this contract prior to its expiration by refusing to sell its products to Maddox Motor Company. Maddox Motor Company seek to recover damages measured by the profits they would have made had Ford Motor Company carried out the alleged oral contract and sold them such of its products as their trade needs would have required. Maddox Motor Company recovered a judgment for $24,000.00, based on the above theories.

It is shown by the present record that on January 2, 1924, Ford Motor Company and Maddox Motor Company entered into a written contract. By the terms of this contract Maddox Motor Company were constituted dealers to sell Ford and Lincoln products at Pittsburg, Texas, subject to the terms and conditions of such contract. This contract is very long and contains many details. This written contract, by its express terms, operated for no definite time, but could be cancelled or terminated at will by either party. It appears that after this contract was entered into there was some friction between the parties, and Ford Motor Company were threatening to cancel it. In this condition of affairs, F. W. Maddox, in March, 1924, went to Dallas, Texas, for a conference with the officials of

the Ford Motor Company. Maddox Motor Company contend that the six-year oral contract here sued on was consummated on its behalf by F. W. Maddox while he was in Dallas on this trip.

F. W. Maddox was sworn as a witness for Maddox Motor Company. He is the only witness who gives any evidence to support the making of the six-year oral contract. He testified that while he was in Dallas in March, 1924, he had on interview with K. W. Brown, the representative of the Ford Motor Company. Maddox Motor Company contend that during this interview F. W. Maddox, acting for Maddox Motor Company, and K. W. Brown, acting for Ford Motor Company, entered into an oral contract by the terms of which Maddox Motor Company were constituted dealers to sell Ford and Lincoln products at Pittsburg, Texas, for a term of six years. If the testimony of F. W. Maddox is sufficiently definite as to details to show the terms and conditions of an oral contract at all, which is very doubtful, it must be upon the theory that the oral contract made the terms and conditions of the January 2, 1924, written contract its terms and conditions with the exception that the oral contract was to run for a definite period of six years, instead of at will, and the oral contract provided that it could only be cancelled for legal cause, instead of at will.

As already shown, Maddox Motor Company contend that Ford Motor Company obligated itself to sell them such of its products as their trade needs at Pittsburg, Texas, would have required for six years. Maddox Motor Company then contend that Ford Motor Company breached this obligation by refusing to sell them its products. Damages are sought by Maddox Motor Company against Ford Motor Company measured by the profits they would have made if Ford Motor Company had sold them enough of its products to meet what their trade needs would have required during the six-year term. It follows that this judgment cannot stand unless Maddox's testimony is sufficient in law to show such a contract.

When we come to examine the written contract of January 2, 1924, we find the following provisions contained therein:

"(5) In order that Company may determine the prospective requirements of its business and may base its purchases for materials, etc., thereon, the dealer agrees that he will furnish to Company on form provided, prior to December thirty-first of each year an estimate of the number of Ford automobiles, trucks, chassis, Fordson tractors, and Lincoln automobiles and

chassis, Dealer will sell at retail and to be shipped him in the various months of the following year as specified.

"(6) Company agrees that the estimate and shipping specifications of the Dealer will receive Company's careful attention, but company does not agree absolutely to fill them, but expressly reserves the right to refuse them from time to time, or such parts of them as Company deems necessary or proper, and all such estimates are subject to delays occurring from any cause whatsover in the manufacture and delivery of its product—no legal liability to fill such estimates being incurred under any circumstances. And the Dealer may cancel, upon one month's written notice to Company, any unfilled part of said estimates."

As already stated, if F. W. Maddox's testimony is sufficiently definite to show the terms and conditions of an oral contract if must be upon the theory that such oral contract was the same as the written contract except where the written contract was changed by the oral contract. This ruling clearly leaves the above quoted provisions of the written contract as part of the oral contract.

It will be noted that paragraph (5) of the above quoted contract provides that the dealer shall furnish Ford Motor Company an estimate of the products the dealer will probably require for each month of the year. By the express terms of Paragraph (6) it is provided: *"but company does not agree absolutely to fill them, but expressly reserves the right to refuse them from time to time, or such parts of them as Company deems necessary or proper."* Paragraph (6) then proceeds to further provide: " * * * *no legal liability to fill such estimates being incurred under any circumstances."* It is certainly not possible for us to hold that a contract containing the above provisions obligated Ford Motor Company to sell Maddox Motor Company such products the trade needs of Maddox Motor Company required for six years. Indeed, the above provisions beyond any doubt absolutely and in no uncertain terms negative any such agreement. In other words when the written contract of January 2, 1924, is altered and amended as testified to by F. W. Maddox, we do not have a contract which obligated Ford Motor Company to sell Maddox Motor Company such of its products as the trade needs of Maddox Motor Company required. Willard, Sutherland & Co. v. United States, 262 U. S., 489, 43 Sup. Ct., 592, 67 L. Ed., 1086; Ford Motor Company v. Kirkmyer Motor Company, 65 Fed. (2d) 1001; Studebaker Corporation of America v. Wilson,

247 Fed., 403. This ruling settles this litigation against Maddox Motor Company.

The judgments of the District Court and Court of Civil Appeals are both reversed and judgment here rendered for Ford Motor Company.

Opinion adopted by the Supreme Court, June 19, 1934.