**SHELDON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**M. L. HUDSON ELECTRIC COMPANY, Appellee.**

No. 1134.

Court of Civil Appeals of Texas, Tyler.

May 11, 1978.

Marc Flatow, Houston, for appellant.

M. L. Hudson, for appellee.

DUNAGAN, Chief Justice.

This is a suit for damage to realty. The suit was originally instituted in the 127th Judicial District Court of Harris County on September 16, 1976, by Sheldon Independent School District, hereafter referred to as "Sheldon," against Dickson, Dickson & Bullock Architects & Engineers, Dynamic Construction Corporation, M. L. Hudson Electric Company, Hudson Contractors, Inc., Way Engineering Co., Inc., Johnson Service Company, and Certain-Teed Corporation. On December 10, 1976, Sheldon filed its first amended original petition upon which it went to trial.

In response to plaintiff Sheldon's first amended original petition, defendant M. L. Hudson Electric Company, hereinafter referred to as "Hudson Electric," on March 16, 1977, filed a plea in bar asserting that Sheldon's cause of action against Hudson was barred by the two-year statute of limitations because plaintiff's first amended original petition failed to state a cause of action against Hudson.

After reviewing the pleadings the trial court on May 31, 1977, granted Hudson's plea in bar and dismissed the cause of action against Hudson Electric. Sheldon timely perfected this appeal.

On May 17, 1977, the cause of action alleged against defendant-appellee M. L. Hudson Electric Company was severed from the primary suit.

Sheldon in its first two points of error complains of the court's granting Hudson Electric's plea in bar, because Sheldon's original and first amended original petition were sufficient to toll the running of the statute of limitations.

On September 17, 1974, Sheldon's C. E. King Senior High School Auditorium was damaged by fire started by sparks from a wiring defect. Sheldon commenced action on September 16, 1976, against seven defendants, including Hudson Electric, all of whom were involved in the construction of the damaged auditorium.

Because the court's ruling concerns the sufficiency of Sheldon's first amended original petition a brief summary of that petition, insofar as Hudson Electric is concerned, is stated:

This suit is brought for fire damage to Sheldon's auditorium proximately caused by the alleged negligence of the defendants as hereinafter set forth. Sheldon contracted with Dynamic Construction Corporation to build the auditorium. Dynamic subcontracted with Hudson Electric, and another firm named Hudson, to do the electrical wiring pertinent to this lawsuit. Sheldon's loss occurred on September 17, 1974, when a wiring defect caused sparks igniting the walls, ceilings and floor mats. Sheldon's damages are $208,814.60, plus loss of use. Plaintiff prayed for judgment against defendants jointly and severally.

■ As the appellee Hudson Electric has filed no brief, we accept as correct the statements contained in appellant Sheldon's brief relating to the facts in the record. Rule 419, Tex.R.Civ.P.; *Farley v. Farley*, 503 S.W.2d 679 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *Boucher v. City Paint & Supply, Inc.*, 398 S.W.2d 352, 357 (Tex.Civ.App.—Tyler 1966, n. w. h.); *Gonzales v. Gonzales*, 224 S.W.2d 520 (Tex.Civ.App.—San Antonio 1949, writ ref'd); *Donnelly v. Donnelly*, 220 S.W.2d 278 (Tex.Civ.App.—Forth Worth 1949, writ ref'd n. r. e.). This record is before us on transcript only.

■ Sheldon virtually concedes that its first amended original petition would be subject to properly framed special exceptions because it alleged no specific negligent acts or omission on the part of Hudson Electric. It has never been the rule, however, that a petition must state a cause of action in order to toll limitations. *Texas Employers Insurance Association v. Humble Oil & Refining Co.*, 103 S.W.2d 818, 824 (Tex.Civ.App.—Galveston 1937, writ ref'd); *Ford Motor Company v. Maddox Motor Company*, 48 S.W.2d 735 (Tex.Civ.App.—Texarkana 1932, n. w. h.); *Pullman Compa-*

*ny v. Kansas City Southern Railway Company,* 267 S.W. 1045, 1047 (Tex.Civ.App.—Texarkana 1924, writ dism'd); *Mann v. Mitchell,* 241 S.W. 715, 717 (Tex.Civ.App.—Texarkana 1922, writ dism'd); *Western Union Telegraph Co. v. Smith,* 146 S.W. 332 (Tex.Civ.App.—Austin 1912, writ ref'd); *Missouri, K. & T. Ry. Co. v. McFadden,* 89 Tex. 138, 33 S.W. 853 (1896). All that is required to arrest the statute of limitations is a petition that advises a defendant of the nature of the cause of action against him, regardless of how defectively this is done. *City of Houston v. Magness,* 364 S.W.2d 702, 704–05 (Tex.Civ.App.—Houston 1963, writ ref'd); *Globel Corporation v. Vincent,* 156 Tex. 398, 295 S.W.2d 640 (1956); *Gray v. Laketon Wheat Growers, Inc.,* 240 S.W.2d 353 (Tex.Civ.App.—Amarillo 1951, n. w. h.); *Garcia v. Hernandez,* 226 S.W. 1099, 1100–01 (Tex.Civ.App.—El Paso 1920, writ ref'd).

Sheldon's first amended original petition (and its original petition insofar as Hudson Electric is concerned are substantially the same) fully apprises Hudson Electric of the nature of the cause of action, and more. The petition advises Hudson Electric of the date and time, location, the cause and the nature of plaintiff's loss, and the amount of plaintiff's damages. The petition reveals plaintiff's legal theory of recovery, that the fire originated from a wiring defect, and that Hudson Electric along with another firm did the wiring pertinent to this lawsuit.

■ The rule established in Texas since the enactment of Article 5539b, Tex.Rev. Civ.Stat.Ann., is that the commencement of a suit by a party in whose favor a cause of action exists stays the running of the statute of limitations, regardless of how defectively the cause may be presented in the petition. The filing of the petition interrupts the running of the statute provided the filing is before the expiration of the statutory period of limitation and is based on a proper cause of action described with sufficient certainty to apprise the defendant of its nature. In such a case the petition may be amended, and the amendment will relate back to the time of the filing of the original pleading. *Olson v. Success Motivation Institute,* 528 S.W.2d 111, 113 (Tex. Civ.App.—Waco 1975, writ ref'd n. r. e.); *Gray v. Laketon Wheat Growers, Inc.,* supra; *Thompson v. Barnard,* 142 S.W.2d 238, 241 (Tex.Civ.App.—Waco 1940, affirmed 138 Tex. 277, 158 S.W.2d 486); *Curtis v. Speck,* 130 S.W.2d 348, 351 (Tex.Civ.App.—Galveston 1939, writ ref'd); *Schneider v. McClory,* 83 S.W.2d 352, 354 (Tex.Civ.App.—Amarillo 1935, writ ref'd); *Joy v. Quality Shirt Manufacturing Co.,* 73 S.W.2d 905, 907 (Tex.Civ.App.—Fort Worth 1934, writ dism'd); *Southern Surety Co. of New York v. First State Bank of Marquez,* 54 S.W.2d 888, 892 (Tex.Civ.App.—Waco 1932, writ ref'd); 37 Tex.Jur.2d Limitation of Action, secs. 102 and 126. Rule 45, Tex.R.Civ.P., provides that a claim for relief in an original petition shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved and his demand for judgment for relief to which the party deems itself entitled.

■ Sheldon-plaintiff's original petition was timely filed. Sheldon failed to state a cause of action in either of its pleadings only to the extent that it did not allege the specific acts or omission of negligence against appellee Hudson Electric.

In our opinion Sheldon's pleadings were sufficient to advise Hudson Electric of the nature of the cause of action against it. Therefore, even though the pleadings were defective, tested by the above rules, we think the original petition filed before the action was barred was sufficient to stop the running of limitation on the cause of action on which recovery was sought.

In view of our disposition of this appeal under points of error Nos. 1 and 2, we do not reach the other points of error brought forth by the appellant.

The judgment is reversed and the cause remanded to the trial court for proper disposition.