NO. 07-00-0128-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2001



______________________________




ROY DAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3196; HONORABLE JACK D. YOUNG, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Upon a plea of not guilty, appellant Roy Day was convicted by a jury of theft by
check and punishment was assessed at 180 days confinement in the Lamb County Jail. 
By a sole point of error, appellant contends the evidence is legally insufficient to support
his conviction. Based upon the rationale expressed herein, we affirm.

 On March 28, 1995, appellant purchased farm implement parts for a tandem disk
from Thompson Implement, Inc. and also incurred installation charges. Appellant made
his purchase by check in the amount of $263.54. The check was twice presented to 
Thompson Implement's bank, and on April 24, 1995, the check was returned with a
notation indicating appellant did not have sufficient funds. On August 1, 1995, Thompson
Implement notified appellant by letter that his account was being turned over to its lawyer
for collection. A demand letter was sent to appellant by Thompson Implement's lawyer,
but no response or payment was made. Resultantly, the dishonored check was forwarded
to the Lamb County Attorney who notified appellant on October 12, 1995, that failure to
resolve the matter might result in his arrest. A reminder was mailed to appellant by the
County Attorney on November 1, 1995. Appellant was charged and convicted of theft by
check of property valued at $20 or more, but less than $500.

 Appellant's sole contention on appeal is that the evidence is legally insufficient to
support his conviction because the State failed to prove the value of the stolen property
pursuant to section 31.08 of the Texas Code of Criminal Procedure. We disagree. In
conducting a legal sufficiency review, we must determine whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820
S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State, 28
S.W.3d 570, 573 (Tex.Cr.App. 2000). It is a fundamental rule of criminal law that one
cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01
(Vernon 1994). As an appellate court, we may not sit as a thirteenth juror, but must uphold
the jury's verdict unless it is irrational or unsupported by more than a mere modicum of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 Appellant contends the State failed to prove the value of the property he allegedly
stole. Value is the fair market value of the property at the time and place of the offense. 
Tex. Pen. Code Ann. § 31.08 (Vernon 1994). To establish value, the State must prove the
fair market value of the property in question. Sullivan v. State, 701 S.W.2d 905, 908
(Tex.Cr.App. 1986). "Fair market value" is the amount of money the property in question
would sell for in cash, given a reasonable time for selling it. Keeton v. State, 774 S.W.2d
716, 717 (Tex.App.-El Paso 1989), aff'd, 803 S.W.2d 304 (Tex.Cr.App. 1991). An owner
is competent to testify to the value of property in general and commonly understood terms. 
Johnson v. State, 676 S.W.2d 416, 418 (Tex.Cr.App. 1984); Morales v. State, 2 S.W.3d
487, 488 (Tex.App.-Texarkana 1999, pet. ref'd), citing Sullivan. When an owner testifies,
it is presumed that he is testifying to an estimate of the fair market value and if the
defendant wishes to rebut the owner's testimony, he must offer controverting proof of the
value of the property. Sullivan, 701 S.W.2d at 909. 

 Mike Perry, who was manager and part owner of Thompson Implement at the time
of the incident, testified that on March 28, 1995, appellant purchased parts for a tandem
disk and had the service department install some of the parts. The State introduced
appellant's check into evidence without objection. Perry testified that the amount of the
check was $263.54. He also testified regarding an itemized invoice listing a breakdown
of costs for the parts and labor purchased. This exhibit was also introduced without
objection. Appellant did not offer any testimony or introduce any evidence to rebut Perry's
testimony of the value of the property. Considering that Perry was in the business of
selling farm implements, his testimony and the exhibits established the value of the stolen
property for purposes of the value statute. We conclude the evidence was legally
sufficient to prove the value element of theft by check. Appellant's sole contention is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.



 the
defendant so moved. Id. §74.351(b). 
          As previously mentioned, the pivotal question before us is whether the 120-day
period begins anew each time a health care liability claim is non-suited then re-filed. Every
opinion we found that addressed this specific question said no. Medical Hosp. of Buna,
Tex., Inc. v. Wheatley, No. 09-08-0183-CV, 2009 Tex. App. Lexis 2769 at *17 (Tex.
App.–Beaumont April 23, 2009, no pet. h.); Runcie v. Foley, 274 S.W.3d 232, 235-36 (Tex.
App.–Houston [1st Dist.] 2008, no pet.); Daughtery v. Schiessler, 229 S.W.3d 773, 775
(Tex. App.–Eastland 2007, no pet.); Empowerment Options, Inc. v. Easley, No. 09-06-0148-CV, 2006 Tex. App. Lexis 9696 at *11-12 (Tex. App.–Beaumont November 9, 2006,
pet. denied);Mokkala v. Mead, 178 S.W.3d 66, 71 (Tex. App.–Houston [14th Dist.] 2005,
pet. denied). Instead, they hold that the time period begins when the claim is first filed and
continues to run even if a non-suit is taken. See Mokkala v. Mead, 178 S.W.3d at 71. 
More importantly, White cites us to no cases considering the same question and holding
otherwise. We see no reason to deviate from the unanimous stance taken in Wheatley,
Runcie, Daughtery, Mokkala, and Easely and overrule White’s contention that the period
began anew. To hold otherwise would be to ignore the plain wording of §74.351(a)
selected by the legislature. 
          Tolling and Relation-back
          White next argues that the non-suit tolled the running of the 120-day deadline. She
arrived at this conclusion by analogizing the period to a statute of limitations. So too did
she invoke principles which involve equitable tolling and the relation-back doctrine and
assert that they also render timely her expert’s report. We disagree for several reasons.
          First, in Packard v. Miller, No. 07-06-0454-CV, 2007 Tex. App. Lexis 4513 (Tex.
App.–Amarillo May 31, 2007, pet. denied), we refused to extend the statutory deadline
applicable to tendering expert reports through the use of equitable principles. Id. at *6. To
paraphrase Packard, it is not within our province to adopt an equitable extension to the
clear requirements of the statute. Id. To apply equitable tolling here would be to violate
what we said in Packard.
          Second, we acknowledge that some have compared §74.351(a) to a statute of
limitations. But we do not see how this helps White. While it may be that initiating a suit
tolls the running of limitations, e.g., Sheldon Indep. School Dist. v. M. L. Hudson Elec. Co.,
567 S.W.2d 541, 543 (Tex. Civ. App.–Tyler 1978 , no writ), it does not remain tolled once
the suit is dismissed. Rather, the relevant time period is calculated from the time the claim
accrued until suit is re-filed. Clary Corp. v. Smith, 949 S.W.2d 452, 459 (Tex. App.–Fort
Worth 1997, writ denied). So, by following White’s analogy, one would have to conclude
that the time period that started with the filing of her first suit never stopped, despite the
voluntary dismissal. 
          Third, while the relation-back doctrine can be used as a means of asserting an
untimely cause of action, it applies to situations wherein a litigant amends his petition to
assert the untimely claim and the latter arises from the same transaction or occurrence
underlying the timely claims. Brewster Columbia Med. Ctr. of McKinney Subsidiary, L.P.,
269 S.W.3d 314, 318 (Tex. App.–Dallas 2008, no pet.) (stating that an amendment or
supplement to a pleading relates back as long as the amended or supplemented claim is
not based on new, distinct, or different transactions). Additionally, White cites us to no
cases extending this theory to the initiation of subsequent lawsuits, as opposed to the mere
amendment or supplementation of pleadings in a suit that already is pending. 
          Adding a New Claim
          Finally, White posits that the 120-day period which began when she filed her first
suit did not encompass the new claim asserted in her second action. We again disagree.
          White first sued Baylor because its “pharmacy, nurses, nurses aides and other staff
. . . failed to administered medications” to her husband (Warren) “as prescribed.” So too
did she describe her claim as those persons giving Warren a drug that “was neither
prescribed nor . . . beneficial to” him. Via the petition in her second suit, she again sued
Baylor alone for the conduct of the same actors. However, she changed her allegations
by stating that the hospital’s “staff dispensed and administered . . . a drug that was neither
prescribed nor beneficial to . . . Warren . . . .” (Emphasis added). In other words, she now
complained not only of the staff administering inappropriate drugs but also dispensing
them. We see this as a distinction without a difference. Both concepts encompass the
same actors and the same purportedly underlying cause of Warren’s death, i.e. his
ingestion of a particular drug given him by hospital employees. And, while the pharmacy
may have “dispensed” the drug while the nursing staff “administered” it, the sequence of
events remained the same as that described in and underlying the claim in her first suit. 
Indeed, White admitted as much when she argued that the allegations in the second
proceeding “relate-back” to those in the first; simply put, both concern the same
transaction, occurrence, or operative facts. 
          In short, what we have before us is simply the same old wine being poured into a
new skin. The new skin does not change the character of the wine. Nor does now
invoking the word “dispense” differentiate the substance of her second suit from that of her
first. So, the 120-day period did not start anew by adding that word into her live pleading
filed in the second suit. See Medical Hosp. of Buna, Tex., Inc. v Wheatley, 2009 Tex. App.
Lexis 2769 at *8 (stating that a plaintiff cannot use artful pleading to avoid the deadline);
Care Center, Ltd. v. Sutton, No. 09-07-469-CV, 2008 Tex. App. Lexis 2743 at *15 (Tex.
App.–Beaumont April 17, 2008, pet. filed) (holding that because the old claims were broad
enough to encompass the new ones, the 120-period did not renew itself); Toro v. Alaniz,
No. 04-06-0814-CV, 2007 Tex. App. Lexis 3119 at *3-4 (Tex. App.–San Antonio April 25,
2007, no pet.) (stating that the time line for expert reports begins when the lawsuit is filed
and cannot be extended by filing an additional claim in an amended petition based on the
same assertion alleged in the original petition).
          Having rejected each of White’s issues and arguments, we affirm the final order
dismissing her lawsuit. 
 
                                                                           Brian Quinn
                                                                          Chief Justice