NO. 07-08-0023-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 13, 2009
_____

BETTY WHITE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF WARREN WHITE, DECEASED,

Appellant

v.

BAYLOR ALL SAINTS MEDICAL CENTER,

Appellee
_____

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY;

NO. 096-222350-07; HON. JEFF WALKER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Betty White (White), individually and as personal representative of the estate of

Warren White, deceased, appeals from the trial court's dismissal of her health care liability

claim against Baylor All Saints Medical Center (Baylor). White had sued Baylor and then

moved to non-suit that action before tendering an expert's report. A like suit was initiated

several months later against the same defendant and involving the same actors. Within

days of initiating the second proceeding, White served her expert's report upon Baylor. No one disputes that the date upon which the report was eventually served exceeded 120 days from the date White commenced the first action against Baylor. Given this, Baylor moved to dismiss the proceeding because the report was untimely. The trial court agreed and granted the motion. The pivotal issue before us is whether the 120-day period within which one prosecuting a health care liability claim has to serve an expert's report starts anew each time the action is non-suited and later re-filed. White also asks us to consider whether other theories, which include tolling or the relation-back doctrine, render the report timely. Answering no, we affirm the trial court's dismissal of the cause.

*Whether Non-suit Coupled with Refiling Starts Period Anew*

All recognize that the version of §74.351(a) of the Texas Civil Practice and Remedies Code applicable at bar is that which was in existence prior to September of 2005. Furthermore, it provided that one prosecuting a health care liability claim must serve on each party one or more expert reports with a curriculum vitae no later that 120 days "after the date the claim was filed." TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a) (Vernon 2005). Failing to abide by the deadline resulted in the dismissal of the cause, if the defendant so moved. *Id.* §74.351(b).

As previously mentioned, the pivotal question before us is whether the 120-day period begins anew each time a health care liability claim is non-suited then re-filed. Every opinion we found that addressed this specific question said no. *Medical Hosp. of Buna, Tex., Inc. v. Wheatley*, No. 09-08-0183-CV, 2009 Tex. App. LEXIS 2769 at *17 (Tex. App.–Beaumont April 23, 2009, no pet. h.); *Runcie v. Foley*, 274 S.W.3d 232, 235-36 (Tex.

2

App.–Houston [1st Dist.] 2008, no pet.); *Daughtery v. Schiessler,* 229 S.W.3d 773, 775 (Tex. App.–Eastland 2007, no pet.); *Empowerment Options, Inc. v. Easley*, No. 09-06-0148-CV, 2006 Tex. App. LEXIS 9696 at *11-12 (Tex. App.–Beaumont November 9, 2006, pet. denied);*Mokkala v. Mead*, 178 S.W.3d 66, 71 (Tex. App.–Houston [14th Dist.] 2005, pet. denied).  Instead, they hold that the time period begins when the claim is first filed and continues to run even if a non-suit is taken.  *See Mokkala v. Mead,* 178 S.W.3d at 71. More importantly, White cites us to no cases considering the same question and holding otherwise.  We see no reason to deviate from the unanimous stance taken in *Wheatley*, *Runcie*, *Daughtery*, *Mokkala*, and *Easely* and overrule White's contention that the period began anew.  To hold otherwise would be to ignore the plain wording of §74.351(a) selected by the legislature.

*Tolling and Relation-back*

White next argues that the non-suit tolled the running of the 120-day deadline.  She arrived at this conclusion by analogizing the period to a statute of limitations.  So too did she invoke principles which involve equitable tolling and the relation-back doctrine and assert that they also render timely her expert's report.  We disagree for several reasons.

First, in *Packard v. Miller,* No. 07-06-0454-CV, 2007 Tex. App. LEXIS 4513 (Tex. App.–Amarillo May 31, 2007, pet. denied), we refused to extend the statutory deadline applicable to tendering expert reports through the use of equitable principles.  *Id.* at *6.  To paraphrase *Packard*, it is not within our province to adopt an equitable extension to the clear requirements of the statute.  *Id.*  To apply equitable tolling here would be to violate what we said in *Packard*.

3

Second, we acknowledge that some have compared §74.351(a) to a statute of limitations. But we do not see how this helps White. While it may be that initiating a suit tolls the running of limitations, *e.g.*, *Sheldon Indep. School Dist. v. M. L. Hudson Elec. Co.*, 567 S.W.2d 541, 543 (Tex. Civ. App.–Tyler 1978 , no writ), it does not remain tolled once the suit is dismissed. Rather, the relevant time period is calculated from the time the claim accrued until suit is re-filed. *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App.–Fort Worth 1997, writ denied). So, by following White's analogy, one would have to conclude that the time period that started with the filing of her first suit never stopped, despite the voluntary dismissal.

Third, while the relation-back doctrine can be used as a means of asserting an untimely cause of action, it applies to situations wherein a litigant amends his petition to assert the untimely claim and the latter arises from the same transaction or occurrence underlying the timely claims. *Brewster Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, 269 S.W.3d 314, 318 (Tex. App.–Dallas 2008, no pet.) (stating that an amendment or supplement to a pleading relates back as long as the amended or supplemented claim is not based on new, distinct, or different transactions). Additionally, White cites us to no cases extending this theory to the initiation of subsequent lawsuits, as opposed to the mere amendment or supplementation of pleadings in a suit that already is pending.

*Adding a New Claim*

Finally, White posits that the 120-day period which began when she filed her first suit did not encompass the new claim asserted in her second action. We again disagree.

White first sued Baylor because its "pharmacy, nurses, nurses aides and other staff . . . failed to administered medications" to her husband (Warren) "as prescribed." So too did she describe her claim as those persons giving Warren a drug that "was neither prescribed nor . . . beneficial to" him. Via the petition in her second suit, she again sued Baylor alone for the conduct of the same actors. However, she changed her allegations by stating that the hospital's "staff *dispensed* and administered . . . a drug that was neither prescribed nor beneficial to . . . Warren . . . ." (Emphasis added). In other words, she now complained not only of the staff administering inappropriate drugs but also dispensing them. We see this as a distinction without a difference. Both concepts encompass the same actors and the same purportedly underlying cause of Warren's death, *i.e.* his ingestion of a particular drug given him by hospital employees. And, while the pharmacy may have "dispensed" the drug while the nursing staff "administered" it, the sequence of events remained the same as that described in and underlying the claim in her first suit. Indeed, White admitted as much when she argued that the allegations in the second proceeding "relate-back" to those in the first; simply put, both concern the same transaction, occurrence, or operative facts.

In short, what we have before us is simply the same old wine being poured into a new skin. The new skin does not change the character of the wine. Nor does now invoking the word "dispense" differentiate the substance of her second suit from that of her first. So, the 120-day period did not start anew by adding that word into her live pleading filed in the second suit. *See Medical Hosp. of Buna, Tex., Inc. v Wheatley*, 2009 Tex. App. LEXIS 2769 at *8 (stating that a plaintiff cannot use artful pleading to avoid the deadline); *Care Center, Ltd. v. Sutton*, No. 09-07-469-CV, 2008 Tex. App. LEXIS 2743 at *15 (Tex.

5

App.–Beaumont April 17, 2008, pet. filed) (holding that because the old claims were broad enough to encompass the new ones, the 120-period did not renew itself); *Toro v. Alaniz,* No. 04-06-0814-CV, 2007 Tex. App. LEXIS 3119 at *3-4 (Tex. App.–San Antonio April 25, 2007, no pet.) (stating that the time line for expert reports begins when the lawsuit is filed and cannot be extended by filing an additional claim in an amended petition based on the same assertion alleged in the original petition).

Having rejected each of White's issues and arguments, we affirm the final order dismissing her lawsuit.


Brian Quinn
Chief Justice